IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:21-cr-00948-LY-12 |
| | § | |
| (12) SHAWN MALMQUIST | § | |
| *Defendant* | § | |

### Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on January 4, 2022, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, dated December 20, 2021 (the "Petition") (Dkt. 753). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

Defendant Shawn Malmquist was ordered released on conditions on May 21, 2021. In the Petition, Pretrial Services Officer Evan Cisneros alleges that he received information on December 14, 2021, that Defendant had been contacting Cassandra Garcia, his child's mother, through cellular telephone and text message, and that Defendant traveled to Garcia's residence on October 10, 2021, and broke the driver's side window of her vehicle. These actions are in violation of Condition of Release 7(g), providing that Defendant "must avoid all contact, directly or indirectly" with all codefendants and with Ms. Garcia. Mr. Cisneros also received an incident/investigation report from the Round Rock Police Department in which Ms. Garcia stated that Defendant broke the driver's side window of her car at 3:15 a.m. on January 1, 2022, after an argument. At the hearing, Defendant was placed under oath and denied all allegations.

The Court has considered the original Pretrial Services Report, the Petition, and the evidence and arguments of counsel for Defendant and for the government at the revocation hearing.

1

Pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that neither probable cause to believe that Defendant has committed a Federal, State, or local crime while on release, nor clear and convincing evidence that Defendant has violated any other condition of release, was established at the hearing. Accordingly, it is **ORDERED** that the Petition for Action on Conditions of Release (Dkt. 753) is **DENIED**.

Defendant is strongly admonished that he must abide by all conditions of pretrial release in the Court's Order Setting Conditions of Release (Dkt. 459) and Order Amending Conditions of Pretrial Release (Dkt. 688).

**SIGNED** January 4, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE